UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff*, | )<br>)<br>) | |
| *vs*. | )<br>) | 1:12-cr-00028-JMS-TAB |
| MICHAEL LEE SPARKS,<br>    *Defendant.* | )<br>)<br>)<br>) | -01 |

**ORDER**

On November 19, 2012, the parties appeared in person and by counsel for the final pretrial conference in this matter, during which the Court took certain matters under advisement. [Dkt. 54.] The Court, being duly advised, now makes the following rulings in the exercise of its discretion. *See United States v. Ryan*, 213 F.3d 347, 350 (7th Cir. 2000) (trial court's evidentiary rulings are reviewed for an abuse of discretion).

**A.      Defendant's 1995 Prior Felony Conviction**

Defendant has moved to exclude evidence about his 1995 prior felony conviction for possession of a firearm by a convicted felon and possession of a sawed-off shotgun. [Dkts. 39; 40 at 5.] The Government objects to the exclusion on the grounds that the conviction is relevant for impeachment purposes. [Dkt. 55 at 2.]

Federal Rule of Evidence 609 governs the admissibility of a witness's prior convictions for impeachment purposes and permits impeachment of an accused as a witness if the probative value of his prior conviction outweighs its prejudicial effect. Under FRE 609(a), the Court should consider "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the

charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue." *United States v. Gant*, 396 F.3d 906, 909 (7th Cir. 2005).

Here, Defendant is charged with the same crime as the 1995 conviction. The Seventh Circuit has noted that the danger of unfair prejudice increases when the prior conviction and charged crime are similar in nature. *See United States v. Shapiro*, 565 F.2d 479, 481 (7th Cir. 1977). ("The jury is more likely to misuse the evidence for purposes other than impeachment, that is to regard the prior convictions as evidence of a propensity to commit crime or of guilt, despite instructions to the contrary."). While the Government argues that the conviction is admissible given the importance of Defendant's testimony and the centrality of the credibility issue, [dkt. 55 at 2-3], the Court cannot envision a circumstance in this case in which evidence of the nature of the crime would tend to prove anything besides propensity. This is particularly so given the fact the crime is not one of dishonesty, and the jury will be instructed not only that Defendant is a prior felon, as stipulated by the parties, [dkt. 57], but also that it may use the fact of his felony conviction in assessing Defendant's credibility. The Court finds in its exercise of discretion, *Ryan*, 213 F.3d at 350, that to allow evidence of the particular nature of the conviction would be unduly prejudicial and would invite the impermissible inference of a propensity to commit the crime for which he is again charged. *Shapiro*, 565 F.2d at 481.

Furthermore, the Court finds that specific evidence of the conviction is likewise inadmissible under Rule 403, as its probative value is substantially outweighed by the danger of unfair prejudice. Therefore, the Court grants Defendant's motion, [dkt. 39], to the extent it seeks to exclude evidence of the nature of the 1995 conviction, but not to the extent that it seeks to exclude the fact that Defendant is a prior felon.

### B. Defendant's 1986 Perjury Conviction

The Government also seeks to admit for impeachment purposes Defendant's presumptively inadmissible 1986 perjury conviction. [Dkt. 55 at 3.] As stated above, Federal Rule of Evidence 609 governs the admissibility of a witness's prior convictions for impeachment purposes and permits impeachment of an accused as a witness if the probative value of his prior conviction outweighs its prejudicial effect. While Subsection (a) allows for the admission of prior felony convictions less than ten years old on a showing that the probative value outweighs the prejudicial effect, Subsection (b) requires that convictions outside that ten-year limit satisfy the higher standard that the probative value "substantially outweigh" the prejudicial effect. Fed. Rule Evid. 609 (a)-(b).

Here, the probative value of Defendant's 1986 conviction falls short of this rigorous standard. The Court, in its exercise of discretion, *Ryan*, 213 F.3d at 350, finds that the probative value of a twenty-six-year-old perjury conviction has not been shown to substantially outweigh the danger of undue prejudice, particularly in light of the fact that the jury will already be instructed that Defendant is a prior felon and that it may consider that fact in assessing his credibility. Accordingly, the Court finds that evidence of Defendant's 1986 perjury conviction may not be presented extrinsically and does not constitute character evidence admissible to impeach Defendant under Rule 609(b). *See United States v. Rogers*, 542 F.3d 197, 201 (7th Cir. 2008) ("[W]e have said that impeachment by a conviction falling outside the rule's ten-year limit should be permitted only in rare and exceptional circumstances."); *see also United States v. King*, 897 F.2d 911 (7th Cir. 1990) ("We have stressed on several recent occasions that indictments and evidence should not make the jury cognizant of any prior convictions beyond those necessary as an element of the offense.").

Based on these findings it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion in Limine, [dkt. 39], is **GRANTED** with respect to the 1986 conviction and **GRANTED in part** with respect to the nature of the 1995 conviction, but **DENIED in part** as to Defendant's status as a prior felon, in accordance with the party's stipulation, [dkt. 57]. The Court's notes that its ruling herein is preliminary and may be reconsidered by the Court if the dynamics of trial to alter the framework of the issues presented.

11/20/2012

                                              Hon. Jane Magnus-Stinson, Judge
                                              United States District Court
                                              Southern District of Indiana

**Copies via ECF only to counsel of record**